**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 08-cr-30090-DWD** |
| | ) | |
| **STEVEN M. CLANKIE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

On February 5, 2009, Defendant Steven M. Clankie pled guilty to one count of production of child pornography (Doc. 28).  On May 22, 2009, Clankie was sentenced to 204-months imprisonment, to be followed by a life term of supervised release (Doc. 34; Doc. 36).  Clankie's projected release date is August 13, 2022 (Doc. 48; Doc. 49).  However, current records from the Bureau of Prisons indicate that Clankie moved to a half-way house placement earlier this year.  *See* https://www/bop.gov/inmateloc (last visited Nov. 29, 2021), although Clankie did not update his contact information with this Court.

Now before the Court is Defendant's motion for compassionate release (Doc. 39) and supplements (Doc. 45; Doc. 50).  Clankie seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), asking this Court to reduce his sentence to time served (Doc. 39). The Government opposes the motion (Doc. 48; Doc. 49).  Although Clankie is no longer incarcerated, his sentence includes a life term of supervised release, and the Court will review the merits of his motion.  *See United States of America v. Arojojoye*, 806 Fed.Appx.

1

475, 477, n.2 (7th Cir. Mar. 19, 2020) (citing *Pope v. Perdue*, 889 F.3d 410, 414 (7th Cir. 2018) ("When a former inmate still serving a term of supervised release challenges the length or computation of his sentence, his case is not moot so long as he could obtain 'any potential benefit' from a favorable decision.") (quoting *United States. v. Trotter*, 270 F.3d 1150, 1154 (7th Cir. 2001).  For the following reasons, the motion will be denied.

## The First Step Act of 2018

The general rule is that sentences imposed in criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Compassionate release long has been an exception to this general rule. Prior to the passage of the First Step Act, a defendant seeking compassionate release first had to request it through the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2018). The First Step Act of 2018 modified that provision to allow incarcerated defendants to seek compassionate release from a court on their own motion, provided that they exhaust administrative rights prior to seeking relief in the courts.  The Seventh Circuit has held that failure to satisfy the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A) is an affirmative defense that must be raised by the Government or else it is waived.  *See United States v. Sanford*, 986 F.3d at 781; *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020).

Here, the Government challenges Clankie's exhaustion efforts, in part.  In his motion, Clankie requests compassionate release for multiple grounds including his undiagnosed kidney pain and other medical issues, i.e., spinal pain, numbness, hiccups, anxiety and depression, and a cough, so he can assist his parents with their medical issues, and the COVID-19 pandemic (Doc. 39).  The Government concedes that Clankie

satisfied his exhaustion requirements as to his undiagnosed kidney pain (Doc. 49, p.7). However, the Government objects to the remaining grounds, arguing that Clankie failed to submit those specific grounds to the BOP before filing his motion.

The exhaustion requirement is a "mandatory claim-processing rule." To properly exhaust, Clankie must "present the same or similar ground for compassionate release in a request to the Bureau [of Prisons] as in a motion to the court." *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). With his Motion, Clankie submitted a document, "Request to Warden for Compassionate Release" dated August 5, 2020 (Doc. 39, p. 2). In this document, Clankie complains of issues with his left shoulder, spine, numbness, coughing, anxiety and depression, and his ailing parents (Doc. 39, p. 2). In its response, the Government supplied an additional document, "Inmate Request to Staff", dated February 10, 2021 (Doc. 48-4). In this Request, Clankie references an August 5, 2020 compassionate release form, and further asks that information concerning his kidney pain be added to his original plea for compassionate release (Doc. 48-4). The BOP denied Clankie's request for compassionate release on March 11, 2021 (Doc. 48-5). Clankie filed his motion for compassionate release on May 4, 2021 (Doc. 39).

The Government argues that Clankie's original document, allegedly dated August 5, 2020, was not received by prison staff and therefore never sent by Clankie (Doc. 49). Clankie maintains that he did submit the August 5, 2020 request, but that the Warden never responded (Doc. 50). He also clarifies that the document in his Motion was not the original, arguing he had never received the original back (*Id.*). Because the Government concedes that Clankie partially exhausted his administrative remedies as to Clankie's

kidney pain, the Court will not conduct further inquiry into Clankie's exhaustion efforts but will consider his administrative remedies exhausted as to the remaining grounds for relief.  As further detailed below, none of the grounds raised by Clankie's Motion support compassionate release, and his Motion therefore fails on the merits.

After a compassionate release motion is filed, the Court may reduce the term of imprisonment upon a finding that "extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).  If such reasons exist, the Court must consider the sentencing factors in 18 U.S.C. § 3553(a).  The defendant bears the burden of showing that he is entitled to relief under the First Step Act. *See United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).  Where a motion is brought by the defendant, the Court may consider the Sentencing Commission's policy statements but is not bound by them. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020).  This "working definition of 'extraordinary and compelling reasons'" includes circumstances surrounding the medical condition of the defendant, the age of the defendant, and family circumstances.  *Id.*; *see also Application Notes*, U.S.S.G. § 1B1.13. Additionally, the policy statement requires the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13.

## Discussion

Clankie argues that extraordinary and compelling reasons exist for his release due to his undiagnosed kidney pain, medical issues, his ailing parents, and the COVID-19 pandemic.  Beyond these justifications for considering his compassionate release motion,

4

Clankie maintains that he has rehabilitated himself (Doc. 29; Doc. 41).  Clankie also disputes facts of his offense to which he previously stipulated, including one of the most gruesome details of his offense – that he sexually penetrated the minor victim.  *See* Doc. 50, p. 2; *but see* Stipulations of Fact (Doc. 30, ¶ 2).  The Government opposes Clankie's motion, arguing that Clankie has not shown extraordinary and compelling reasons exist for his release.  The Government further argues that the factors in § 3553(a) weigh heavily against Clankie's early release. Specifically, the Government points to Clankie's heinous sexual assault of his friends' minor child, which he then photographed (*See* Doc. 33, ¶¶ 9-10; Doc. 34; Doc. 45).  Clankie has further declined to participate in sex offender treatment (Doc. 49).

Clankie does not satisfy any of the factual predicates listed by the Sentencing Commission as constituting "extraordinary and compelling reasons" justifying compassionate release.  Specifically, Clankie has not established that he is suffering from a terminal illness or other condition from which he is not expected to recover, he is under 65 years old, and he does not indicate any death or incapacitation in his immediate family. While Clankie argues that he may have some terminal illness related to his undiagnosed kidney disease, Clankie has not met his burden in showing that this pain is terminal.

Nevertheless, even accepting that the cumulative effect of Clankie's medical conditions and ongoing pain from his medical conditions, the record does not support finding an extraordinary and compelling reason for immediate release.  Clankie admits, and his medical records confirm, that Clankie has been receiving medical care.  While the source of Clankie's pain has not been identified to Clankie's satisfaction, nothing in

Clankie's medical records indicate that this unidentified kidney disease is of terminal concern.  Further, Clankie has received two doses of the COVID-19 vaccine and is no longer incarcerated at FCI-Sandstone.  Accordingly, any increased risk of susceptibility to COVID-19 due to prison conditions is diminished.

Even if Clankie could establish an extraordinary and compelling reason, the sentencing factors in 18 U.S.C. § 3553(a) far outweigh any considerations of compassionate release here.  *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) ("Because of the importance of the § 3553(a) factors, courts are not compelled to release every prisoner with extraordinary and compelling health concerns."). Specifically, the horrid nature of the acts Clankie committed and his prior unwillingness to participate in sex offender treatment[1], counsels against compassionate release.  *See United States v. Faucett*, 850 Fed.Appx. 453, 454 (7th Cir. June 21, 2021) (finding no clear error in "determining that a lack of sex-offender treatment meant that defendant had not addressed the root cause of his crimes and thus still posed a threat to the public."). Clankie's characterization of the facts of his crime also suggests that he does not appreciate the full severity of his actions, nor has he addressed the root cause of his crime. Accordingly, Clankie's sentence remains necessary to reflect the seriousness of his offense, to promote respect for the law, to provide just punishment, to adequately deter

---

[1] In his Reply (Doc. 50), Clankie clarifies that he previously denied sex offender treatment because he did not feel the need for it.  Clankie did, however, state that he would participate in treatment upon his release in accordance with the conditions of supervised release imposed in his Judgment.

Clankie and others from committing further crimes, and to protect the public. Under these facts, compassionate release is inappropriate.

## **<u>Conclusion</u>**

For the above stated reasons, Defendant's Motion for Compassionate Release (Doc. 39) is **DENIED**.

**SO ORDERED.**

Dated: December 6, 2021

_____

DAVID W. DUGAN
United States District Judge